## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MANAGEMENT HEALTH SYSTEMS, LLC,
d/b/a MEDPRO,
  1580 Sawgrass Corporate Parkway,
  Suite 200
  Sunrise, FL 33323;

        Plaintiff,

   v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,
  245 Murray Lane, SW
  Washington, DC 20528;

CHAD WOLF, in his official capacity as the
Acting Secretary of Homeland Security,
  245 Murray Lane, SW
  Washington, DC 20528;

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
  20 Massachusetts Avenue, NW
  Washington, DC 20529;

and

KENNETH T. CUCCINELLI, in his official
capacity as the Senior Official Performing the
Duties of the Director,
  20 Massachusetts Avenue, NW
  Washington, DC 20529;

        Defendants.

Case No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.     Our healthcare industry cannot serve its constituency—patients—without an adequate supply of highly skilled and qualified healthcare professionals.  This is no more true than in times of health crisis, as we are experiencing now due to the threat of the coronavirus.  *See Interim US Guidance for Risk Assessment and Public Health Management of Persons with Potential 2019 Novel Coronavirus (2019-nCoV) Exposure in Travel-associated or Community Settings*, Ctrs. for Disease Control & Prevention,  https://www.cdc.gov/coronavirus/2019-ncov/php/risk-assessment.html (last updated Feb. 5, 2020) (warning that "[i]nfections with 2019-nCoV . . . are being reported in a growing number of international locations, including the United States").  And competition for such professionals (like competition for professionals in most specialty occupations) is steep.  In recognition of that reality, Congress created the H-1B visa, which allows U.S. employers to temporarily employ foreign workers in specialty occupations.  *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b).  Under the Immigration and Nationality Act (INA, or the Act), "upon petition of the importing employer," the Secretary of Homeland Security "shall" determine whether to grant a petition for an H-1B visa.  8 U.S.C. § 1184(c)(1).  And Congress recognized that it was not just important that U.S. employers be able to obtain temporary visas for specialty foreign workers—it recognized that employers should be able to obtain such visas *quickly*.  As part of the American Competitiveness in the Twenty-first Century Act of 2000, Congress thus codified its view that petitions for H-1B visas "should be processed not later than 30 days after the filing of the petition."  Pub. L. No. 106-313, § 202(b), 114 Stat. 1251 (Oct. 17, 2000).

2.     Management Health Systems, LLC, d/b/a MedPro (MedPro) is a leading healthcare staffing company that has for years relied on the H-1B visa program to hire highly qualified foreign-educated healthcare professionals and staff them at healthcare facilities across the U.S.  MedPro's clients often cannot locate and hire a sufficient number of qualified healthcare

professionals, and these facilities thus turn to MedPro to help them fill their vacancies. MedPro recruits both domestic and foreign professionals, and places them at client sites with unmet needs. MedPro files hundreds of visa petitions for healthcare professionals each year, and MedPro's ability to serve its clients depends on its petitions being adjudicated within a reasonable timeframe.

3.      The U.S. Citizenship and Immigration Services (USCIS), a component of the U.S. Department of Homeland Security (DHS) and the agency tasked with adjudicating visa petitions, has historically had a solid track record for timely adjudicating H-1B visa petitions. Over the last three years, however, that has changed. *See generally* Am. Immigration Lawyers Ass'n, *Policy Brief: USCIS Processing Delays Have Reached Crisis Levels Under the Trump Administration* (Jan. 30, 2019), https://www.aila.org/infonet/aila-policy-brief-uscis-processing-delays.

4.      MedPro brings this case because USCIS's delay in adjudicating MedPro's H-1B petitions has become untenable. MedPro has been waiting for the agency to adjudicate 156 H-1B petitions for 311 days and counting—a delay exceeding *ten times* the 30-day period Congress contemplated for the adjudication of H-1B petitions. And numerous inquiries and other attempts to prompt USCIS to adjudicate MedPro's petitions have proven unsuccessful. USCIS's dilatory adjudication is neither reasonable nor warranted.

5.      MedPro thus seeks a judgment from this Court (i) compelling Defendants, under 5 U.S.C. § 706(1), to adjudicate MedPro's H-1B petitions listed in the chart below within 15 days of this Court's judgment (or, alternatively, to issue a writ of mandamus requiring Defendants to do so); (ii) requiring Defendants, under 8 C.F.R. § 103.7(e)(2)(i), to refund MedPro's premium-processing fees for the 9 petitions that MedPro paid that fee for; (iii) retaining jurisdiction of this case for a reasonable period of time to ensure Defendants' compliance with this Court's judgment; (iv) awarding MedPro, under 5 U.S.C. § 504 and 28 U.S.C. § 2412, reasonable attorneys' fees and

costs for the expenses it incurred in bringing this case; and (v) awarding any other relief the Court deems just and proper.

## PARTIES

6.     Plaintiff MedPro is a Florida limited liability company with its headquarters in Sunrise, Florida.  MedPro is a leading healthcare staffing company that places on assignment healthcare professionals such as laboratory medical technologists at healthcare facilities throughout the United States.  To meet the high demand for these professionals, MedPro recruits and employs both U.S.- and foreign-educated healthcare professionals and regularly files visa petitions, including petitions for H1-B visas, on behalf of foreign-educated professionals.

7.     Defendant United States Department of Homeland Security is an executive department of the United States government.  Its headquarters are located at 245 Murray Lane, SW, Washington, DC 20528, but its governmental activities occur nationwide.

8.     Defendant Chad Wolf is the Acting Secretary of Homeland Security and the head of DHS.  He is charged with the administration and enforcement of our nation's immigration laws, including the adjudication of the H-1B visa petitions underlying this case.  *See* 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c)(1); 8 C.F.R. § 103.2(b)(8)(i).

9.     Defendant United States Citizenship and Immigration Services is a United States government agency within DHS that administers our nation's immigration laws.  Its headquarters are located at 20 Massachusetts Avenue, NW, Washington, DC 20529, but its governmental activities occur nationwide.

10.     Defendant Kenneth T. Cuccinelli is the Senior Official Performing the Duties of the Director of USCIS, and ostensibly the current head of USCIS.  *See Kenneth T. (Ken) Cuccinelli, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Director (vacant)*, USCIS: Leadership, https://www.uscis.gov/about-us/leadership/kenneth-t-ken-

cuccinelli-senior-official-performing-duties-director-us-citizenship-and-immigration-services-director-vacant (last updated Jan. 17, 2020).

### JURISDICTION, VENUE, AND REVIEWABILITY

11.     This case arises under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*

12.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law and under 28 U.S.C. § 1346 because the United States is a defendant by virtue of its department, agency, and officials being named as defendants for their official conduct. And this Court has subject-matter jurisdiction under 28 U.S.C. § 1361 because this is an "action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

13.     This Court has personal jurisdiction over Defendants because they all reside in this District.  And venue is proper in this District under 28 U.S.C. § 1391(e)(1) because all Defendants reside in this District.

14.     MedPro's requests for declaratory and injunctive relief are authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the APA, 5 U.S.C. § 706.  MedPro's request for a writ of mandamus is authorized by the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. And MedPro's request for costs and fees is authorized by 5 U.S.C. § 504 and 28 U.S.C. § 2412.

15.     Defendants have a non-discretionary legal duty to adjudicate MedPro's H-1B visa petitions, *see* 8 U.S.C. § 1184(c)(1); 8 C.F.R. § 103.2(b)(8)(i)—and no statutory provision bars review of Defendants' unreasonable delay in complying with this duty.  Because MedPro's claim is one of unreasonable agency delay, neither the lack of final agency action nor the failure to exhaust administrative remedies is a bar to this Court's review.  *See, e.g.*, *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (holding that courts have jurisdiction over

claims of unreasonable delay and that failure to exhaust is no bar because, with such claims, there is "no need for the court to consider the merits of the issue before the agency"); *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113, 120 (D.D.C. 2015) (recognizing that claims of unreasonable agency delay do not require final agency action or exhaustion).  And no statute or regulation requires exhaustion either.  *See Darby v. Cisneros*, 509 U.S. 137, 154 (1993) ("[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.").

16.     MedPro has also exhausted every practical option short of litigation.  MedPro has contacted USCIS on numerous occasions through the agency's online tool to inquire about the status of MedPro's H-1B visa petitions, and to seek adjudication of those petitions.  *See Outside Normal Processing Time*, USCIS, [https://egov.uscis.gov/e-request/display ONPTForm.do?entryPoint=init&sroPageType=onpt](https://egov.uscis.gov/e-request/displayONPTForm.do?entryPoint=init&sroPageType=onpt) (last visited Feb. 6, 2020).  Every inquiry was met with a vague response that the petition was still being reviewed, and these responses provided no expected timeframe for a decision.  MedPro has also taken other steps to encourage Defendants to adjudicate its H-1B visa petitions, all to no avail.

## BACKGROUND

### Defendants' Non-Discretionary Duties to Adjudicate H-1B Visa Petitions, And To Do So Within a Reasonable Time

17.     Defendants have a non-discretionary legal duty to adjudicate H-1B visa petitions. The INA mandates that, "upon petition of the importing employer," "[t]he question of importing any alien as a nonimmigrant under subparagraph (H) . . . of [8 U.S.C. § 1101(a)] . . . *shall be*

*determined* by the Attorney General, after consultation with appropriate agencies of the Government[.]" 8 U.S.C. § 1184(c)(1) (emphasis added).[1]

18.     USCIS's regulations recognize this statutory mandate.  8 C.F.R. § 103.2(b)(8)(i) provides that—if a petitioner establishes its eligibility to an H-1B visa—"USCIS *will approve*" the petition.  (emphasis added).

19.     Not only must Defendants adjudicate H-1B petitions, but the APA requires that Defendants do so "within a reasonable time."  5 U.S.C. § 555(b).

20.     Congressional policy instructs that petitions for nonimmigrant visas, like petitions for H-1B visas, should be decided within 30 days.  8 U.S.C. § 1571(b) ("It is the sense of Congress . . . that a petition for a nonimmigrant visa under [8 U.S.C. § 1184(c)] should be processed not later than 30 days after the filing of the petition.").  Defendants are also authorized by the Act "to establish and collect a premium fee for employment-based petitions and applications," which the statute says "shall be used to provide certain premium-processing services to business customers, and to make infrastructure improvements in the adjudications and customer-service processes."  8 U.S.C. § 1356(u).

21.     Defendants have exercised their authority under § 1356(u) and established a premium-processing service by which petitioners "may request 15 calendar day processing" of certain petitions, including H-1B petitions.  8 C.F.R. § 103.7(b)(1)(SS), (e); *How Do I Request*

---

[1]   The Act originally assigned the responsibility for adjudicating these petitions to the Attorney General, and § 1184(c)(1) as codified still says that an H-1B petition will be adjudicated "by the Attorney General"—but Congress separately delegated the responsibility of adjudicating these petitions to USCIS and the Secretary of Homeland Security when it created DHS in 2002.  *See* 6 U.S.C. § 271(b); *see also Nielsen v. Preap*, 139 S. Ct. 954, 959 n.2 (2019) ("We replace 'Attorney General' with 'Secretary' because Congress has empowered the Secretary to enforce the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, though the Attorney General retains the authority to administer removal proceedings and decide relevant questions of law.").

*Premium    Processing?*,   USCIS,   https://www.uscis.gov/forms/how-do-i-request-premium-processing (last updated Jan. 28, 2020) (designating H-1B visa petitions as eligible for premium processing).  If USCIS fails to reach a decision on a premium-processed petition within the 15-day period, "USCIS will refund the premium processing service fee, but continue to process the case."  8 C.F.R. § 103.7(e)(2)(i).

## GROUNDS FOR REQUIRING DEFENDANTS
## TO ADJUDICATE MEDPRO'S H-1B PETITIONS

### *MedPro's H1-B Petitions*

22.    On April 1, 2019, MedPro filed H-1B visa petitions for laboratory medical technologists whom MedPro seeks to employ in the United States, 156 of which remain pending. Of these 156 petitions, 9 were filed using premium processing.  (A chart with USCIS's "receipt number" for each petition and information about which petitions were premium processed is included at the bottom of this Complaint.)

23.    USCIS regulations provide that an employer may file an H-1B petition "6 months before the date of actual need for the beneficiary's services or training."  8 C.F.R. § 214.2(h)(2)(i)(I).  Each of the foreign professionals that MedPro filed H-1B petitions for on April 1, 2019, was needed—and was scheduled to start working—on October 1, 2019.

24.    As of the filing of this Complaint, Defendants have not adjudicated 156 of MedPro's H-1B petitions.  These petitions have thus been pending for ***311 days*** and counting— and 128 days past the professionals' October 1, 2019 start date.

25.    Congress's instruction that H-1B petitions should be adjudicated "not later than 30 days after the filing of the petition," 8 U.S.C. § 1571(b), along with USCIS's own recognition that a 15-day period is reasonable for premium-processed petitions, confirms that Defendants' delayed adjudication of MedPro's H-1B petitions is unreasonable.  Indeed, the average processing time

between fiscal years 2015 and 2019 for H-1B petitions across all USCIS offices is approximately 18 days for premium-processed petitions and has hovered around 4 months for non-premium-processed petitions.  *See Historical National Average Processing Time for All USCIS Offices*, USCIS, https://egov.uscis.gov/processing-times/historic-pt (last visited Feb. 6, 2020) (processing times for Form I-129 (the H-1B-petition form) petitions).

### *MedPro's Injuries*

26.     Defendants' failure to adjudicate MedPro's H-1B petitions within a reasonable time has caused and continues to cause MedPro significant harm, including by causing MedPro to lose valuable highly skilled and qualified employees and client goodwill.

27.     MedPro's H-1B petitions concern skilled positions for laboratory medical technologists.  Our nation suffers from a drastic shortage of medical laboratory professionals, with "a total demand that exceeds current [domestic] educational output by more than double."  Am. Soc'y for Clinical Lab. Sci., *Addressing the Clinical Laboratory Workforce Shortage* 4 (Aug. 2, 2018),     http://www.ascls.org/images/publications/Clinical_Laboratory_Workforce_FINAL_ 20180824.pdf.  Indeed, the U.S. Department of Health and Human Services has projected that demand for laboratory medical technologists will grow by 22% between 2012 and 2025.  *See* Nat'l Ctr. for Health Workforce Analysis, Health Res. & Servs. Admin., U.S. Dep't of Health & Human Servs., *Health Workforce Projections: Health Technologist and Technician Occupations*, https://bhw.hrsa.gov/sites/default/files/bhw/nchwa/projections/health technologisttechniciansapril2015.pdf (Apr. 2015).

28.     MedPro, as a healthcare staffing company, helps to address this shortage by facilitating the entry of highly skilled foreign-educated professionals into the American workforce, and staffing these professionals at client facilities needing their services.  At significant expense, MedPro has developed the infrastructure to locate these foreign professionals, train them in both

clinical and English skills, ensure they are properly trained and credentialed by U.S. standards, and guide them through the immigration process.

29.     MedPro's business model depends on its ability to provide its clients with highly qualified and properly credentialed professionals.  And given the drastic shortage, high demand, and significant competition for qualified medical laboratory professionals, MedPro's ability to meet its clients' needs depends in significant part on MedPro's ability to employ foreign-educated professionals and obtain visas for those professionals.  Although MedPro makes very extensive efforts to recruit healthcare professionals domestically, there are simply not enough domestic workers available.

30.     Defendants' unreasonably delayed adjudication of MedPro's H-1B petitions has impeded and will continue to impede the ability of MedPro to serve its clients—and, by extension, Defendants' delay is impairing the ability of MedPro's clients to efficiently and effectively meet the medical needs of individuals nationwide.

31.     Defendants' unreasonably delayed adjudication of MedPro's H-1B petitions has also caused—and will continue to cause—MedPro to lose goodwill with its clients.  MedPro has a longstanding track record as a healthcare staffing company with a robust cadre of skilled healthcare professionals, enabling MedPro to provide professionals to meet its clients' staffing needs.  Defendants' failure to timely adjudicate MedPro's H-1B petition has impaired MedPro's ability to meet its clients' staffing needs and has thus harmed MedPro's goodwill with its clients.

32.     Until Defendants adjudicate MedPro's H-1B petitions, MedPro will continue to suffer these injures.

### CLAIM FOR RELIEF

33.     MedPro incorporates each of the above paragraphs as if included in full here.

## CLAIM I:  VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### AGENCY ACTION UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED
### Violation of 5 U.S.C. § 555(b), 706(1)

34.    Defendants have a non-discretionary legal duty to adjudicate MedPro's H-1B petitions, 8 U.S.C. § 1184(c)(1); 8 C.F.R. § 103.2(b)(8)(i), and to do so "within a reasonable time," 5 U.S.C. § 555(b).

35.    Defendants' failure to adjudicate MedPro's H-1B petitions for 311 days (and counting) contravenes Congress's codified policy that petitions for H-1B visas "should be processed not later than 30 days after the filing of the petition."  8 U.S.C. § 1571(b).   And Defendants' failure to adjudicate MedPro's 9 premium-processed H-1B petitions for 311 days flouts the 15-day processing period for such petitions that USCIS has itself established.  *See* 8 C.F.R. § 103.7(b)(1)(SS), (e).

36.    Defendants' dilatory adjudication of MedPro's H-1B petitions is thus unreasonable within 5 U.S.C. § 555(b) and § 706(1).   And Defendants' failure to provide any meaningful explanation for their delay, or a timeframe by which they will decide MedPro's H-1B petitions, compounds the unreasonableness of Defendants' delayed adjudication.

### REQUEST FOR RELIEF

MedPro thus seeks a judgment from this Court:

A.    Compelling Defendants, under 5 U.S.C. § 706(1), to adjudicate MedPro's H-1B petitions listed in the chart below within 15 days of this Court's judgment—or, alternatively, to issue a writ of mandamus requiring Defendants to do so;

B.    Requiring Defendants, under 8 C.F.R. § 103.7(e)(2)(i), to refund MedPro's premium-processing fees for the 9 petitions that MedPro paid that fee for;

C.    Retaining jurisdiction of this case for a reasonable period of time to ensure Defendants' compliance with this Court's judgment;

D.      Awarding MedPro, under 5 U.S.C. § 504 and 28 U.S.C. § 2412, reasonable attorneys' fees and costs for the expenses it incurred in bringing this case; and,

E.      Awarding any other relief the Court deems just and proper.

## RELEVANT PETITIONS

| **USCIS Receipt Number** | **Premium Processed** |
|---|---|
| WAC1918150320 | Yes |
| WAC1918452232 | Yes |
| WAC1918051906 | Yes |
| WAC1917953346 | Yes |
| WAC1918454160 | Yes |
| WAC1918452509 | Yes |
| WAC1918552918 | Yes |
| WAC1918552673 | Yes |
| WAC1917952404 | Yes |
| WAC1918453155 | No |
| WAC1917952564 | No |
| WAC1918453288 | No |
| WAC1918453455 | No |
| WAC1918550453 | No |
| WAC1918053295 | No |
| WAC1917953994 | No |
| WAC1918651465 | No |
| WAC1917851356 | No |
| WAC1918552135 | No |

| | |
|---|---|
| WAC1918553140 | No |
| WAC1918453577 | No |
| WAC1917854043 | No |
| WAC1918450220 | No |
| WAC1918054339 | No |
| WAC1918051424 | No |
| WAC1918452052 | No |
| WAC1917851281 | No |
| WAC1918654359 | No |
| WAC1917950740 | No |
| WAC1918550503 | No |
| WAC1918450578 | No |
| WAC1918450817 | No |
| WAC1918454759 | No |
| WAC1918152371 | No |
| WAC1918450873 | No |
| WAC1918450533 | No |
| WAC1918550852 | No |
| WAC1918552053 | No |
| WAC1918551175 | No |
| WAC1918153269 | No |
| WAC1918552271 | No |
| WAC1918551514 | No |
| WAC1918451836 | No |

| | |
|---|---|
| WAC1918551496 | No |
| WAC1918454005 | No |
| WAC1918551376 | No |
| WAC1918452370 | No |
| WAC1918052734 | No |
| WAC1918450504 | No |
| WAC1918553718 | No |
| WAC1918553183 | No |
| WAC1918251401 | No |
| WAC1918751970 | No |
| WAC1918550741 | No |
| WAC1918551093 | No |
| WAC1918551207 | No |
| WAC1918051807 | No |
| WAC1918551400 | No |
| WAC1918451514 | No |
| WAC1918551989 | No |
| WAC1918550119 | No |
| WAC1918551997 | No |
| WAC1918651195 | No |
| WAC1918451794 | No |
| WAC1918550906 | No |
| WAC1918452173 | No |
| WAC1918550664 | No |

| | |
|---|---|
| WAC1918550787 | No |
| WAC1918451319 | No |
| WAC1918451036 | No |
| WAC1918451675 | No |
| WAC1918452068 | No |
| WAC1918453667 | No |
| WAC1918451656 | No |
| WAC1918550389 | No |
| WAC1918453031 | No |
| WAC1918552788 | No |
| WAC1917951818 | No |
| WAC1918451125 | No |
| WAC1917952198 | No |
| WAC1918452646 | No |
| WAC1918551029 | No |
| WAC1917950649 | No |
| WAC1918150279 | No |
| WAC1918550419 | No |
| WAC1918551502 | No |
| WAC1918053314 | No |
| WAC1918551258 | No |
| WAC1918453635 | No |
| WAC1918452890 | No |
| WAC1918454060 | No |

| | |
|---|---|
| WAC1918552862 | No |
| WAC1917951601 | No |
| WAC1918051249 | No |
| WAC1918453241 | No |
| WAC1917951502 | No |
| WAC1918454263 | No |
| WAC1918051576 | No |
| WAC1918052988 | No |
| WAC1917951797 | No |
| WAC1917952992 | No |
| WAC1917950140 | No |
| WAC1918550751 | No |
| WAC1918054123 | No |
| WAC1918452872 | No |
| WAC1918051243 | No |
| WAC1918050437 | No |
| WAC1918453339 | No |
| WAC1917952055 | No |
| WAC1918454436 | No |
| WAC1918051443 | No |
| WAC1918453333 | No |
| WAC1917952672 | No |
| WAC1918051296 | No |
| WAC1917953666 | No |

| | |
|---|---|
| WAC1918053336 | No |
| WAC1918453757 | No |
| WAC1917954247 | No |
| WAC1918452338 | No |
| WAC1918453120 | No |
| WAC1918052703 | No |
| WAC1917954192 | No |
| WAC1918652275 | No |
| WAC1918150397 | No |
| WAC1918451868 | No |
| WAC1918452700 | No |
| WAC1918151616 | No |
| WAC1918151018 | No |
| WAC1918151355 | No |
| WAC1918051137 | No |
| WAC1918454718 | No |
| WAC1918451694 | No |
| WAC1918553485 | No |
| WAC1918650255 | No |
| WAC1918454111 | No |
| WAC1918451835 | No |
| WAC1918050751 | No |
| WAC1918151760 | No |
| WAC1918051481 | No |

| | |
|---|---|
| WAC1918051550 | No |
| WAC1918452993 | No |
| WAC1918151184 | No |
| WAC1918452903 | No |
| WAC1918550266 | No |
| WAC1918454162 | No |
| WAC1918450998 | No |
| WAC1917951735 | No |
| WAC1918451530 | No |
| WAC1918451819 | No |
| WAC1917951822 | No |
| WAC1917951673 | No |
| WAC1918153250 | No |
| WAC1918451030 | No |
| WAC1917950078 | No |
| WAC1918550062 | No |
| WAC1918052743 | No |

Dated:  February 6, 2020                          Respectfully submitted,

                                                  */s/ Andrew D. Prins*
                                                  Andrew D. Prins (DC Bar No. 998490)
                                                  Gregory B. in den Berken (DC Bar No. 252848)
                                                  LATHAM & WATKINS LLP
                                                  555 Eleventh Street, NW
                                                  Suite 1000
                                                  Washington, D.C. 20004-1304
                                                  Phone:  (202) 637-2200
                                                  Fax:  (202) 637-2201
                                                  Email:  andrew.prins@lw.com

                                                  *Counsel for Plaintiff MedPro*